UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

YASIR QAHTAN SAUD                    DOCKET NO. 2:25-cv-0325
                                                      SECTION P

VERSUS                                       JUDGE JAMES D. CAIN, JR.

FELIPE MARTINEZ JR., ET AL.          MAGISTRATE JUDGE LEBLANC

<u>MEMORANDUM ORDER</u>

Before the court are the original and civil rights complaints (docs. 1, 4, 10) filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Yasir Qahtan Saud, who is proceeding *pro se* and *in forma pauperis* in this matter. Saud is an inmate in the custody of the Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO-II"). He names the Federal Bureau of Prisons, Warden Felipe Martinez, Jr., FCIO-II and John and/or Jane Doe, Medical Staff as defendants. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

I.
BACKGROUND

Plaintiff complains that on November 25, 2024, he was bitten on his right arm by an insect (he presumes a spider, mosquito or ant) and the bite became red, swollen and infected, causing "significant pain and discomfort." Doc. 4, p. 3. On December 5, 2024, he sought medical attention at the clinic, but it was closed. On December 6, 2024, he returned to the clinic where a nurse prescribed Trimethoprim-Sulfathiazole 800 mg for 10 days. *Id*. However, he contends that despite this treatment, the infection spread to his arm, under his shoulder and to his beard. *Id*. On

December 16, 2024, Plaintiff was informed that he would see a dermatologist but alleges that no specialist appointment has been made. *Id*.

Plaintiff's Complaint alleges that he was "repeatedly prescribed ineffective antibiotics, including Clindamycin 300 mg and Amoxicillin, which caused severe side effects (rash, severe allergic reaction, diarrhea), but failed to resolve this infection." *Id*. He complains that no medical tests were conducted. *Id*. He alleges that as a result of the defendants' deliberate indifference, he continues to suffer from chronic pain, permanent scarring and disfigurement. *Id*.

Plaintiff's complaint also alleges unsafe living conditions. Specifically, he submits that FCIO-II is "infested with insects, including spiders, ants, and flies, due to malfunctioning heating and cooling system." *Id*. "The main door to the housing unit remains open, allowing insects to infiltrate sleeping and eating areas." *Id*. Moreover, only four out of ten showers in the facility are in service and these showers have significant leaks causing rust and excessive humidity. *Id*.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Saud has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When

determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  Section 1983/Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983.[1] *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). To hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C.  Medical Care.

First, Plaintiff should identify the name or any identifying features of EACH medical personnel whom he alleges denied him medical care.

If Plaintiff contends that he is still in need of medical care, he should provide the dates he requested treatment, whether he was seen by medical staff, the name or identifying features of staff that treated or denied him care, and what occurred at each visit.  He should provide the status of his health/injury.  Finally, he should amend to allege the treatment he believes he should have received/be receiving as of the date of this Order.

---

[1] *Bivens*, however, is more limited in scope than an action under § 1983 and has only been expressly extended to Fourth, Fifth, and Eighth Amendment violations. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017); *see also Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017).

### D. Named Defendants

#### a. Warden Martinez

It appears that plaintiff has named Warden Martinez as a defendant in his supervisory capacity. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied,* 115 S.Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 104 S.Ct. 248 (1983). In other words, to the extent that plaintiff seeks to name a supervisory official as a defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants.

#### b. FCIO-II

It is settled law that a federal prison like FCIO-II is not a legal entity amenable to suit. *See Duhaney v. Gusman,* No. Civ. A. 06-3518, 2009 U.S. Dist. LEXIS 47096, 2009 WL 1607915, at *3 (E.D. La. June 2, 2009) (holding FDC-Houston is not a legal entity amenable to suit); *Christy v. Federal Bureau of Prisons*, No. Civ. A. 09-3044-SAC, 2009 U.S. Dist. LEXIS 29782, 2009 WL 961388 at *2 (D. Kan. Apr. 8, 2009) (holding U.S.P. Leavenworth is not a legal entity suable for civil rights violations) (citing *Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D. N.Y. 1994)); *Nolan v. Hamidullah*, 4:07-1141-JFA-TER, 2007 U.S. Dist. LEXIS 43443, 2007 WL 1726447 at *3 (D.S.C. Jun. 12, 2007) (holding FCI-Estill is not a proper party in a *Bivens* action). Therefore, Saud should dismiss FCI-Oakdale II from this suit.

### c.   *Federal Bureau of Prisons*

The Federal Bureau of Prisons is an agency and not an individual officer of the sort amenable to suit under *Bivens*. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1984) (noting that *Bivens* applies to individual agents, not agencies). A plaintiff may not bring suit for damages against a federal agency under *Bivens*. *See id*. Because the Bureau of Prisons is an agency, Saud should dismiss them from this suit.

## IV.
### CONCLUSION

Saud must amend his complaint to address the deficiencies described above, and to dismiss the claims and parties that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Saud at his last address on file.

**IT IS ORDERED** that Saud amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 82 S. Ct. 1386 (1962). Saud is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

Also before this Court are plaintiff's Motions for Service by U.S. Marshals (docs. 3, 5). This civil action remains on initial review pursuant to 28 U.S.C. §§1915 and 1915A, pending Saud's amendment of his complaint as directed herein.  Should the matter proceed past initial review, the Court will issue a service order.

Accordingly,

**IT IS FURTHER ORDERED** that plaintiff's Motions for Service by U.S. Marshals (docs. 3, 5) are **DENIED**.

**THUS DONE AND SIGNED** in chambers this 27th day of October, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE